UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM D. MELLO, | ) | 1:11-CV-00059 OWW GSA HC |
|       Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| L. HARTON, | ) | |
|       Respondent. | ) | |

On January 12, 2011, Petitioner filed a petition for writ of habeas corpus in this Court.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

1    In this case, Petitioner makes various claims, but none of them concerns the fact or duration
2 of his confinement.  Petitioner complains that prison officials are not complying with the rules and
3 statutes governing the administrative process; he complains that prison officials have lost or
4 destroyed his property, and he seeks recompense; he asserts that prison officials are wrongfully using
5 his copyrighted trade-name without consideration; and, he claims he has been subjected to medical
6 malpractice and deliberate indifference. All of his claims challenge the conditions of his
7 confinement. Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be
8 dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights
9 complaint pursuant to 42 U.S.C. § 1983.

## RECOMMENDATION

11    Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
12 DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas
13 corpus relief.  The Court further RECOMMENDS that the Clerk of Court be DIRECTED to send
14 Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

15    This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United
16 States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
17 the Local Rules of Practice for the United States District Court, Eastern District of California.
18 Within thirty (30) days after service of the Findings and Recommendation, any party may file written
19 objections with the court and serve a copy on all parties.  Such a document should be captioned
20 "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall
21 be served and filed within fourteen (14) days after service of the objections.  The Court will then
22 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised
23 that failure to file objections within the specified time may waive the right to appeal the District
24 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated:   **February 25, 2011**            **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE